UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CASE NO. 3:19-CR-220 |
| v. | ) | |
| | ) | JUDGE VARLAN |
| TAVAE KEON STEWART | ) | |

**UNITED STATES' SENTENCING MEMORANDUM,
RESPONSE TO OBJECTIONS TO PSR (DOC. 345), AND
NOTICE OF INTENT TO CALL WITNESSES AT SENTENCING HEARING**

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, respectfully submits the following response to the defendant's Objections to the Presentence Investigation Report ("PSR") (Doc. 345). The defendant's objection should be overruled and United States requests that the Court impose a sentence that is within this defendant's properly calculated Guidelines range. The United States submits that based on the information provided in the PSR that a sentence within the Guidelines range would be sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553.

I. <u>Facts of the Case</u>

Beginning in or about March 2019, the defendant entered into a marijuana trafficking conspiracy. PSR ¶ 26. The defendant received marijuana packages from his supplier located in Van Nuys, California. PSR ¶ 27. Over 55 marijuana packages were delivered to the defendant's Wind Pointe Way address. *Id.* A federal search warrant was executed at the defendant's Wind Pointe Way address after his arrest on February 6, 2020. PSR ¶ 33. The search revealed marijuana packaged for distribution, United States currency, Postal labels and packages, and multiple firearms to include an assault style rifle, a handgun, extended magazines and a large amount of ammunition. *Id.*

II. <u>The Defendant's Objection to the PSR should be Overruled</u>.

    A.    <u>Defendant's Objection 1</u>

1

The defendant objects to Paragraph 40 regarding his offense conduct. The defendant simply argues that he was not charged with a weapon charge and that there were multiple people at his residence when he was arrested. (Doc. 345, Objection to PSR). The defendant's objection should be overruled because Paragraph 40 is factually correct and the defendant's offense level is properly calculated. The United States will provide witness testimony at the sentencing hearing to support Paragraph 40.

U.S.S.G. §2D1.1(b)(1) provides for a two-level enhancement if a dangerous weapon was possessed during the commission of a drug offense, "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. §2D1.1, com. n.11. "The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons." *Id.* The evidence will show that the defendant possessed the firearms at a location where he possessed marijuana and cash from drug transactions.

For the enhancement to apply, the United States must first establish by a preponderance of the evidence that "1) the defendant actually or constructively possessed the [firearm], and 2) such possession was during the commission of the offense." *United States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002); *see also United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008) (same). Constructive possession is established if there is evidence that the defendant "had ownership or dominion or control over the firearm itself, or dominion over the premises where the firearm [was] located." *Hough*, 276 F.3d at 894 (internal quotations omitted).

If the United States shows that the defendant actually or constructively possessed the firearm, then there is a "presumption that the weapon was connected to the offense." *Id.; see also United States v. Hardin*, 248 F.3d 489, 497 (6th Cir. 2001) (stating that once the United States proves the defendant actually or constructively possessed the firearm, "a presumption arises that such possession was connected to the offense"). At that point, the burden shifts to the

2

defendant to rebut that presumption by showing that "it was 'clearly improbable' that the [firearm] was connected with the crime." *Hough*, 276 F.3d at 894; *see also* U.S.S.G. § 2D1.1, commentary, application note 11 ("The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons . . . [and] should be applied if [a] weapon was present, unless it is clearly improbable that the weapon was connected with the offense."). To satisfy the "clearly improbable" standard, the defendant must show that the nature of the firearm or the circumstances under which it was found make it extremely unlikely that the firearm had anything to do with the defendant's drug trafficking activities. *See, e.g., United States v. Garner*, 971 F.2d 1206, 1216-17 (6th Cir. 1992) (discussing the limited circumstances when it may be clearly improbable that a firearm was connected with a drug trafficking offense).

There is no requirement that the United States prove a connection between the firearm and the charged conduct. *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991). The United States submits that the defendant has the burden to show that it is "clearly improbable" that the weapon is related to the drug trafficking offense. *United States v. Moreno,* 899 F.2d 465, 470 (6th Cir. 1990). *See also United States v. Hardin,* 248 F.3d 489 (6th Cir.), *cert. denied,* 534 U.S. 920 (2001), (upheld the enhancement when the defendant's firearm, a .9mm, was found on the night stand in the bedroom where he kept his narcotics). When considering the facts as a whole, it is not clearly improbable that the firearms emboldened the defendant to conduct the distribution of marijuana. In this case, the evidence including the defendant's own statement to law enforcement shows that the defendant possessed the firearms in connection with his drug trafficking offense. Therefore, the defendant's Objection should be overruled.

III. <u>Sentencing factors</u>

The factors provided in Title 18, United States Code, Section 3553(a) show that, at a

3

minimum, a Guidelines-range sentence is appropriate in this case. The nature and circumstances of the offense are serious, as the defendant sold a large amount of marijuana within the Eastern District of Tennessee. PSR ¶ 31.

Additionally, Title 18, United States Code, Section 3553(a)(6) provides that the Court should endeavor to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

In sum, the United States respectfully requests that the Court impose a sentence within the defendant's sentencing Guidelines range and the statutorily mandated sentence of 60 months to reflect the seriousness of the defendant's offense, to promote respect for the law, to protect the public, and to afford adequate deterrence of future criminal conduct by the defendant.

    Respectfully submitted,

    FRANCIS M. HAMILTON III
    ACTING UNITED STATES ATTORNEY

By:    s/ *Cynthia F. Davidson*
    Cynthia F. Davidson
    Assistant United States Attorney
    800 Market Street, Suite 211
    Knoxville, TN 37902
    (865) 545-4167
    cynthia.davidson@usdoj.gov
    TN BPR #016099